Kirkpatrick, O. J.
The rule you ask is, that if the plaintiff should choose to go on with his guit, and should recover no *more than is paid in, then no costs is to be paid; but that the defendant shall recover his costs.

Curia advisare vuli.

At a subsequent day in the term, Scott stirred this case again, and observed, that the payment of money into court stood upon a different footing from what it did in England. There it was allowed to prevent oppression, and the payment of the money might be given in evidence at the trial. But in this state we had an act of assembly, (which they had not in England) viz. “ that unless the plaintiff recover *236 more than $200 in the Supreme Court, he cannot recover costs.” Rev. Laws 309; Pat. ed. 258. If then the rule applied for is to be established, a defendant may always save himself costs: for instance, if the suit is brought for $250 upon a fair note of hand, and after the suit is commenced he pays $100 into court, the plaintiff can only recover the residue, and, consequently, can get no costs. But in England they have no statute of this kind, and they can always mould this matter to meet the justice of the case. But the uniform practice in New Jersey had been, to pay the money into court, together with the costs up to the time of payment.
Wood said, that there was no difference between the constitution of our courts and those of Westminster Hall.; that no such inconvenience would result as the gentleman had imagined; that an application of this kind must always be addressed to the sound discretion of the court, and that all that the plaintiff had to do in the case supposed was to make an affidavit of the facts, and that the court would not allow the payment of the money into court if the effect of it could be to throw the plaintiff out of his costs.
Kirkpatrick, C. J.
With respect to the objection arising from our act relative to costs in the Supreme Court, that has been decided twenty .years ago, in' the time of Chief Justice Kinsey; and the construction put upon that statute was, that the money paid into court should be considered as part of the sum recovered, and if altogether it amounted to more than $200 the plaintiff recovered costs. If that be so, then I am satisfied that the terms upon which the money is permitted to be paid into court is, the payment of costs up to the time of payment; and if *the plaintiff proceeds, he proceeds at his peril. I do not-understand the books read to mean, that if the plaintiff proceeds, and does not recover more than is paid in, that he shall not recover *237 the costs up to the time of the payment, and I can see no reason why the plaintiff should not have costs up to that time.*
Ford, J.
I was not aware of any decision upon our statute, but I had made up my mind that the money paid into court should be considered as a part of the sum recovered. And I have always understood that the plaintiff is, at all events, entitled to the costs up to the time when the money is paid into court. But if ho goes on, and does not recover more than the defendant has paid into court, he recovers no further costs. But the defendant recovers the costs from that time. Let the rule be taken accordingly.
Wood having consented to pay the money into the court, according to the rule prescribed by the court, and upon one count only, a question then arose, whether the costs to be paid by the defendant included the costs of drawing the whole declaration, or whether it was only the costs of the count upon which the money was paid ?
Wood contended, that where the money was paid upon one count only, the party was not entitled to costs upon the other counts; and cited 4 Term Sep. 579.
Seott, contra.
Ford, J. thought that if money was paid into court upon one count only, the whole of the costs ought to be paid.
Kirkpatrick, O. J.
thought that the plaintiff was entitled to the costs upon the simple count upon which the money was paid.' *238 Same rule laid down in Muller v. Hartshorne, 3 Bos. & Pul. 556; 8 Term Rep. 48u, 486. But see contra Stevenson v. York, 4 Term Rep. 10; 7 Ibid. 368; 2 Taunt. 360 ; Jeff v. Smith, 4 Taunt. 196.
*Kossell, J.,
was of opinion that the costs of such counts of the declaration as were inserted upon the note upon which the money was paid should be taxed against the defendant.
After consulting together, the court said, that under the circumstances of this case they would order that the costs of the whole of the declaration should be paid ; but that this was not to be considered as a precedent as to the costs in future cases, but that when the question came up again they would settle it upon such a footing as they should, upon .advisement, think best.*

Note — The decisions upon this point, in England, appear to be contradictory. In Wilton v. Place, 2 Bos. & Pul. 56, the rule is laid down, that though the defendant ultimately succeed in the cause, when tried, yet the plaintiff is entitled to the costs till the time of the money being paid into court.

Note. — As to the cases in which money may be paid into court, the general rule is, “ that where the sum demanded is a sum certain, or capable of being ascertained by mere computation, without leaving any sort of discretion to be exercised by the jury,” the defendant shall be at liberty to pay the money into court. 2 Bur. 1120. 2 Arch. Prac. 181. The effect of paying money into court is, that the *239 defendant thereby acknowledges that the contract or other cause of action is as described in the declaration. 5 Bur. 2640. 1 Esp. Rep. 347. 1 Term Rep. 464. 2 Ibid. 276. 4 Ibid. 597. 13 East. 202. 2 Stark 103. 7 Taunt. 450. 2 Bar. & Al. 116. But it is not such an admission as precludes the defendant from taking an objection to the legality of the contract, in order to prevent the plaintiff from recovering beyond the sum paid it. 1 Term Rep. 464. 1 Bos. & Pul. 264. 2 East Rep. 481, note. 3 Bos. & Pul. 386. 2 M. &S. 106. 9 East. 325. 1 Camp. 557. 2 Stark. 103. And see the cases collected in the note to 7 John. Rep. second ed. 317, 318.